**LEAVENS v. SMITH.**

**No. 3491.**

Court of Civil Appeals of Texas, El Paso.

March 18, 1937.

W. Owen Dailey, of Houston, for appellant.

C. E. Coolidge, of Houston, for appellee.

WALTHALL, Justice.

This suit was filed by appellant, R. E. Leavens, guardian of the person and estates of three minors, Robert, Macon, and Ben Milan Leavens. The suit was brought in the county court of Harris county, sitting in probate. After stating the appointment of appellant as guardian of the estates of said minors, and that the guardianship is still pending, the petition alleges that theretofore (in a previous suit) an order was entered by the probate court directing appellant as said guardian to pay to appellee J. Dixie Smith the sum of $100 as attorney's fee; that said other cause was appealed to the district court, and from an adverse judgment to appellant in the district court the case was appealed to the Galveston Court of Civil Appeals. The record shows that appellant failed to file a transcript on appeal from the district court judgment as provided by article 1839 of the Revised Civil Statutes as amended by Acts 1933, 43rd Leg., c. 67, p. 142 (Vernon's Ann.Civ.St. art. 1839). The Court of Civil Appeals dismissed the appeal as evidenced by the certificate of the clerk of that court, leaving the district court judgment in effect. In this suit appellant alleged that since the trial of said other cause in the district court he had found new evidence to the effect that appellee J. Dixie Smith had been paid as much as $50 of the $100 attorney fee, and which amount of $50 appellant claimed was the full amount to be paid appellee as attorney fee.

Appellant prayed that said cause be tried de novo and that appellant have judgment declaring that the previous judgment commanding appellant as guardian to pay appellee $100 be held null and void, or, in the alternative, that the judgment be credited with the $50 under the newly discovered evidence.

Appellee filed a motion to dismiss appellant's suit, and as grounds therefor stated in the motion the matters embraced in the previous suit, and the result of the suit, and submitting that the former suit was res adjudicata of the instant suit.

The court sustained appellee's motion and dismissed the suit, and appellant appeals.

We have examined the judgment entered in the former suit. It is a final judgment, and under article 2211, Revised Civil Statutes, as amended by Acts 1931, c. 77, § 1 (Vernon's Ann.Civ.St. art. 2211) providing that only one final judgment shall be rendered in any civil case, and none of the exceptions to the statutory rule appearing, the court was not in error in dismissing the suit.

The case is affirmed.